Clara HOLDER, Petitioner,

v.

Honorable Neal MERRIOTT, District Judge of the Seventeenth Judicial District, Respondent.

No. 51363.

Supreme Court of Oklahoma.

Oct. 11, 1977.

Rehearing Denied Nov. 16, 1977.

Kile & Rabon, Hugo, for petitioner.

John C. Muntz, Hugo, Joe Stamper, Stamper, Otis & Burrage, Antlers, for respondent.

SIMMS, Justice:

Petitioner, plaintiff below, brought an action in the trial court against Rising Brothers, Inc., a corporation, seeking the recovery of actual and punitive damages, the petition alleging six causes of action. Pursuant to sustention of motions attacking plaintiffs petition, two amended petitions were filed. Rising Brothers, Inc., then made its answer to petitioners third amended petition, and further cross-petitioned against plaintiff for the recovery of money damages, both actual and punitive.

Pre-trial hearing was conducted on Saturday, February 5, 1977. The memorialized "ORDER ON PRE–TRIAL" provided, inter alia, that "plaintiff is directed to file Brief in support of her Motion to Strike on or before February 21, 1977, * * *"; and "Attention is given to defendant's Motion to Require Plaintiff Elect Remedies and to defendant's Motion for Separate and Non-Jury Trial on Plaintiff's Third Cause of Action and Fifth Cause of Action, defendant having filed briefs at the time such Motions were filed, and plaintiff is given until March 8, 1977 to file Answer Brief, defendant to reply by March 22, 1977."

On June 27, 1977, petitioner moved the trial court to strike the case from the non-jury trial setting of July 5, 1977. The July 5th hearing concerned the injunctive aspects of the case.

The attorney for Rising Brothers, Inc., on the day the motion to strike from the assignment was to be heard together with plaintiff's written request for jury trial, filed a handwritten response to plaintiff's motions which called the trial judge's atten-

tion to the fact that no briefs had been filed in compliance with the pre-trial order.

Whereupon, on June 28, 1977, the respondent judge entered a formal order reciting, inter alia, that "plaintiff failed to file two briefs required in the Pre-Trial Order when the same were due" and directing "this case will be dismissed at the cost of the Plaintiff for failure to obey the Order of the Court without prejudice to file a future action."

No appeal was taken from the courts order of dismissal without prejudice and directing payment of costs by plaintiff. In fact, plaintiff has refiled her case in the District Court.

On July 27, 1977, the defendant, Rising Brothers, Inc., filed their Motion to Tax Costs, seeking a sum of approximately $13,-000 they allege to have expended in defense of the suit. The Motion to Tax Costs was docketed for hearing by the respondent judge for August 23, 1977. On that date, respondent judge directed both parties to file briefs within ten days and scheduled the case for a September 6, 1977 evidentiary hearing.

On September 1, 1977, petitioner filed an application to assume original jurisdiction and petition for writ of prohibition in this Court. The petition for the writ seeks to prohibit the respondent judge from hearing the Motion to Tax Costs.

The filing of the application to assume original jurisdiction and petition for writ of prohibition was less than ten days before the matter was set for hearing and is violative of Rule 37(6), Rules of Supreme Court, 12 O.S.1976 Supp., ch. 15, App. 1, which provides:

> "This Court will not assume original jurisdiction in any matter except habeas corpus nor shall this Court stay any proceedings unless the same is filed with the Clerk of this Court at least Ten (10) Days prior to the date said cause is set for hearing or trial. Provided, however, the above limitation may be excused by this Court if petitioner alleges and shows that asserted grounds for relief were not known or could not reasonably have been discovered, prior to the Ten (10) Day period."

In these proceedings, petitioner neither alleges nor shows that the asserted grounds for relief were not known to petitioner or could not reasonably have been discovered prior to the ten-day period.

APPLICATION TO ASSUME ORIGINAL JURISDICTION DENIED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, BARNES and DOOLIN, JJ., concur.